UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL FARANDA,

                              Petitioner,

                                                                          9:12-CV-0896
v.                                                                         (GTS/CFH)

ADA PEREZ, Superintendent of Downstate
Correctional Facility,

                              Respondent.
_____

APPEARANCES:                                            OF COUNSEL:

OFFICE OF THERESA M. SUOZZI              THERESA M. SUOZZI, ESQ.
  Counsel for Petitioner
480 Broadway, Suite 218
Saratoga Springs, New York 12866

HON. ERIC T. SCHNEIDERMAN                LISA E. FLEISCHMANN, ESQ.
Attorney General for the State of New York     Assistant Attorney General
  Counsel for Respondent
120 Broadway
New York, New York 10271

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Michael Faranda ("Petitioner") filed his petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on December 7, 2012. (Dkt. No. 1.) By Report-Recommendation dated December 30, 2013, United States Magistrate Judge Christian F. Hummel recommended that the Petition be denied and dismissed pursuant to 28 U.S.C. § 2253(c)(2), and that a certificate of appealability not issue. (Dkt. No. 11.) Petitioner has not filed an objection to the Report-Recommendation and the time in which to do so has expired. For the reasons set forth below, Magistrate Judge Hummel's Report-Recommendation is accepted and adopted in its entirety; the

Petition is denied and dismissed in its entirety; and a certificate of appealability shall not issue.

I.      RELEVANT BACKGROUND

   A.      Petitioner's Claims

For the sake of brevity, the Court will not repeat the factual background of Petitioner's 2009 conviction for burglary in the second degree, grand larceny in the second degree, criminal possession of stolen property in the second degree, two counts of felonious driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the first degree, and forgery in the second degree but will simply refer the parties to the relevant portions of Magistrate Judge Hummel's Report-Recommendation, which accurately recite that factual background. *(See generally* Dkt. No. 11.)

In his Petition filed on June 1, 2012, Petitioner asserts the following three claims: (1) a claim that his guilty plea was not voluntarily and knowingly entered; (2) a claim that he received ineffective assistance of counsel; and (3) a claim that his sentence was unduly harsh and excessive. (Dkt. No. 1, at 6-30.)

   B.      Magistrate Judge Baxter's Report-Recommendation

On December 30, 2013, Magistrate Judge Hummel issued his Report-Recommendation. (Dkt. No. 11.)  Generally, in his Report-Recommendation, Magistrate Judge Hummel recommends dismissal of the Petition for the following three reasons: (1) Petitioner has failed to establish that his plea was made involuntarily because record evidence shows that Petitioner disclosed to the Court that he understood the nature of the charges against him, was fully cognizant at the plea hearing, and acknowledged that his status as a prior felon could result in an enhanced sentence; (2) Petitioner has failed to establish that his counsel was ineffective or that he was otherwise prejudiced by his counsel's advice; and (3) although Petitioner received an

enhanced sentence, the sentence was not outside the state court's statutory authority. (*Id*. at Part V.B through Part V.D.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard Governing Review of a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the

have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or

4

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B. **Standard Governing Review of Petitioner's *Habeas* Petition**

Magistrate Judge Hummel has recited the correct legal standard governing review of Petitioner's *habeas* petition pursuant to 28 U.S.C. § 2254(d). (Dkt. No. 11, at Part V.A.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

III. **ANALYSIS**

After carefully reviewing all of the papers in this action, including Magistrate Judge Hummel's Report-Recommendation, the Court agrees with each of the recommendations made by Magistrate Judge Hummel. Magistrate Judge Hummel employed the proper legal standards,

---

Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

accurately recited the facts, and correctly applied the law to those facts. (Dkt. No. 11, Parts I-IV.) As a result, the Court accepts and adopts Magistrate Judge Hummel's Report-Recommendation in its entirety for the reasons stated therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 11) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Petitioner's Petition (Dkt. No. 1) is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that a certificate of appealability not issue with respect to any of the claims set forth in the Petition, because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: February 25, 2014
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge